IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| TERRY G. HEITHCOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:09-cv-00052 |
| v. | ) | JUDGE HAYNES |
| | ) | |
| WASTE MANAGEMENT, INC., | ) | |
| ADMINISTRATIVE COMMITTEE | ) | |
| OF THE WASTE MANAGEMENT | ) | |
| EMPLOYEE BENEFITS PLAN, and | ) | |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff Terry G. Heithcock filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. against the Defendants: Waste Management, Inc., Administrative Committee of the Waste Management Employee Benefits Plan, and Metropolitan Life Insurance Company ("MetLife"). Plaintiff asserts claims for wrongful denial of ERISA benefits.

Before the Court are the Defendants' motion for judgment on the record (Docket No. 31) and Plaintiff's motion for discovery (Docket Entry No. 28). In their motion for judgment on the record, Defendants contend that under the terms of the parties' Employee Benefits Plan (the "Plan") and the administrative record, Plaintiff is not entitled to dependent life benefits relative to the death of his son, Casey Heithcock. Plaintiff was granted an extension of time to respond to Defendants' motion for judgment until such time as the Court could rule on his motion for discovery.

In the motion for discovery, Plaintiff argues that his wife, Mary Heithcock, had a nearly identical dependent life benefit plan through her employer Wal-Mart that was also administered by MetLife, and MetLife approved Mary Heithcock's claim for benefits while arbitrarily denying Plaintiff's nearly identical claim. Defendants' response contends that Plaintiff has only made blanket allegations of a conflict of interest and has not identified any procedural challenge that would warrant discovery. Defendants argue that these shortcomings preclude Plaintiff from seeking any additional discovery beyond the administrative record.

Under ERISA, judicial review of the denial of benefits under ERISA is "de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the language of the plan grants the plan administrator discretionary authority to determine eligibility for benefits or to construe plan terms, then the arbitrary and capricious standard applies. Id. For the arbitrary and capricious standard of review, the plan must contain 'a clear grant of discretion [to the administrator] to determine benefits or interpret the plan.'" Perez v. Aetna Life Ins. Co., 150 F.3d 550, 555 (6th Cir. 1998) (en banc) (quoting Wulf v. Quantum Chem. Corp., 26 F.3d 1368, 1373 (6th Cir. 1994) (emphasis in original)).

As a general rule, the scope of a district court's review of the denial of ERISA benefits is limited to the administrative record available to plan administrators in its final decision. Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 457 (6th Cir. 2003). MetLife both makes claim determinations and pays claims from its own funds, and in these circumstances, the Supreme Court case of Metro. Life Ins. Co. v. Glenn, 554 U.S. 105 (2008), holds that if an insurer operates under a conflict of interest that the Court "should consider . . . as a factor in determining

whether the plan administrator has abused its discretion in denying benefits." Id. at 2346.[1] The Court also noted that "the significance of th[is] factor will depend upon the circumstances of the particular case." Id. The Court provided examples of circumstances that would merit weighing the conflict heavily, such as "where an insurance company administrator has a history of biased claims administration," or lightly, such as "where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances." Id. at 2351.

The Court in Glenn discussed approvingly the way that the Sixth Circuit had weighed MetLife's conflict of interest, noting that "the record [said] little about MetLife's efforts to ensure accurate claims assessment," and that the Sixth Circuit "gave the conflict weight to some degree" but "would not have found the conflict alone determinative" and "instead focused more heavily on other factors." Id. at 2351-52.

The parties agree that the correct standard for permitting additional discovery beyond the administrative record was stated in Kinsler v. Lincoln National Life Insurance Co., 660 F. Supp. 2d 830 (M.D. Tenn. 2009). This approach allows discovery in ERISA cases where the plaintiff (1) identifies specific procedural challenges concerning an Administrator's decision to deny ERISA benefits and (2) makes an initial showing to the Court that the plaintiff has a reasonable basis to make such procedural challenges. Id. at 834 (citing Bennett v. Unum Life Insurance Co. of America, 321 F. Supp. 2d 925 (E.D. Tenn. 2004)).

---

[1] The Court notes that Glenn ratified previous case law holding that the existence of a conflict of interest does not alter the standard of review itself, but is only a factor to be considered in applying the standard. Id. at 2350 ("We do not believe that Firestone's statement implies a change in the standard of review, say, from deferential to de novo review.") (citing Firestone, 489 U.S. at 111-15) (emphasis in original). In a word, the "arbitrary and capricious standard still applies, but the application of the standard should be shaped by the circumstances of the inherent conflict of interest." Borda v. Hardy, Lewis, Pollard & Page, P.C., 138 F.3d 1062, 1069 (6th Cir. 1998) (quoting Miller v. Metro. Life Ins. Co., 925 F.2d 979, 984 (6th Cir. 1991)).

3

Upon review of the file, the Court finds that Plaintiff has satisfied the threshold of properly alleging a specific procedural challenge to MetLife's denial of his claim that justifies the requested limited discovery. Plaintiff has properly alleged a conflict of interest by MetLife in showing that MetLife "was responsible for both evaluating the plaintiff's disability claim and paying benefits on such claim." Kinsler, 660 F. Supp. 2d at 836. Plaintiff has specifically contended that MetLife's inconsistent treatment of Plaintiff's claim compared to Mary Heithcock's dependent life benefits claim is arbitrary and capricious, and further undermined by MetLife's inherent conflict of interest as Plan Administrator.

Defendants partially rebut Plaintiff's allegations of this procedural challenge by citing to the letter from MetLife to Mary Heithcock paying her claimed benefits. In that letter, MetLife stated:

> Originally this claim was denied due to dependent eligibility guidelines. Since your payroll deductions for dependent coverage were accepted, Wal-Mart has taken responsibility and has agreed to pay the benefit amount.

(Docket Entry No. 27-6, Exhibit F at p. 2). The letter went on to reiterate that MetLife was not making the payment as accidental death and dismemberment insurance coverage, and as such, the payment would be considered taxable income.

While this letter is certainly probative of the ultimate issue as to whether MetLife appropriately denied Plaintiff's claims, the Court finds that Plaintiff has properly raised the issue of a procedural challenge to MetLife's denial of his claim. Discovery on Plaintiff's exceedingly narrow request for documents relating to the payment of Mary Heithcock's claim could ultimately reveal evidence that determines the Court's ruling on the expected competing dispositive motions. Given the narrowness of the discovery request and Plaintiff's supported

allegation of inconsistent and arbitrary decision-making, Plaintiff's motion for discovery should be granted. See <u>Kinsler v. Lincoln National Life Insurance Co.</u>, 660 F. Supp. 2d at 836.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of November, 2010.

                                      WILLIAM J. HAYNES, JR.
                                      United States District Judge